# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

CHRISTOPHER KNIGHT,

        Plaintiff,

v.                                   Case No:   6:25-cv-245-CEM-LHP

CITY OF WINTER PARK,

        Defendant

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

Before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), which has been construed as a motion to proceed *in forma pauperis*.   Doc. No. 2.   The matter has been referred to the undersigned and is ripe for review.   Upon consideration, the undersigned will respectfully recommend that the motion (Doc. No. 2) be denied without prejudice and Plaintiff's complaint (Doc. No. 1) be dismissed with leave to amend.

## I.  BACKGROUND.

On February 14, 2025, Plaintiff Christopher Knight, appearing *pro se*, instituted this action against Defendant the City of Winter Park ("the City") by filing a Complaint for Deprivation of Rights Under Color of Law, Due Process Violations,

Extortion, Mail Fraud, and Other Federal Violations.  Doc. No. 1.  The complaint cites several cases, statutes, and legal doctrines, but alleges facts generally.  *Id.* Plaintiff alleges that the City "issued citations" in violation of his "lawful right to travel privately," "enforce[d] commercial motor vehicle statutes" against him in excess of the City's authority, subjected Plaintiff to "an unlawful administrative hearing," imposed fines, and tried to collect the fines through the mail.  *Id.* ¶¶ 5–9. In support, Plaintiff attaches to the complaint notices setting hearings, at Plaintiff's request, on red light violations, *id.* at 10–11, Notices of Red Traffic Signal Violation, *id.* at 13, 15, a letter from the City regarding how to contest the violation, *id.* at 16, documents concerning Plaintiff's hearing requests, *id.* at 17–20, and an email from Plaintiff to the City titled "Unlawful Administrative Hearing & Due Process Violations," *id.* at 22.

The complaint includes claims for deprivation of rights under 42 U.S.C. § 1983, due process violations, extortion under 18 U.S.C. § 872, and mail fraud under 18 U.S.C. §§ 876, 1341.  *Id.* at 7–8.  Plaintiff seeks $250,000.00 in damages and declaratory/injunctive relief.  *Id.* at 9.

## II.    STANDARD OF REVIEW.

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*.  First, the Court must evaluate the plaintiff's financial status and determine whether he or she is eligible to proceed *in*

*forma pauperis*.  28 U.S.C. § 1915(a)(1).  Second, the Court must review the complaint pursuant to § 1915(e)(2) and dismiss the complaint if the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief.  *Id*. § 1915(e)(2)(B)(i)–(iii).[1]  A complaint is frivolous within the meaning of § 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

A *pro se* complaint should be construed leniently, but a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action."  *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th

---

[1] The statute governing proceedings i*n forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*.  *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662. Moreover, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

## III.    ANALYSIS.

Upon review of Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2), it appears that Plaintiff qualifies as a pauper pursuant to § 1915(a)(1). However, Plaintiff's complaint (Doc. No. 1) does not state a claim upon which relief may be granted, and thus it is subject to dismissal under § 1915(e)(2)(B)(ii).

Plaintiff brings claims under 42 U.S.C. § 1983 based on the City's issuance of citations for red light violations, in alleged violation of his right to travel. Doc. No. 1, at 7. "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). "More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983." *Hannah v. Union Corr. Inst.*, No. 3:12-cv-436-J-20JBT, 2012 WL 1413163, at *1 (M.D. Fla. Apr. 23, 2012) (citing *L.S.T., Inc., v. Crow*, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); *Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984)).

Here, Plaintiff's complaint is comprised mostly of legal conclusions unsupported by factual allegations, to include bare references to citations, administrative hearings, and attempts to collect fines, without demonstrating how said facts violated any constitutional rights.  Doc. No. 1.  *Cf. Carpenter v. Putnam Cty. Sheriff's Off.*, No. 3:20-cv-1073-J-34JRK, 2020 WL 6134218, at *2 (M.D. Fla. Oct. 19, 2020) (dismissing § 1983 claims that only generally alleged legal conclusions and failed to provide any factual allegations to support a claim upon which relief could be granted); *see also Hurt v. Florida*, No. 3:18-cv-368-J-39JRK, 2018 WL 8787782, at *2 (M.D. Fla. Apr. 25, 2018) ("Conclusory or vague allegations are insufficient to state a cause of action under 42 U.S.C. § 1983.").

Moreover, Plaintiff sues only the City of Winter Park.  Doc. No. 1.  But "municipalities may only be held liable for the execution of a governmental policy or custom."  *Mathis v. City of Lakeland*, No. 8:21-cv-235-SDM-SPF, 2021 WL 11644468, at *4 (M.D. Fla. Aug. 2, 2021), *report and recommendation adopted*, 2021 WL 11644473 (M.D. Fla. Aug. 17, 2021) (citations omitted).  So, Plaintiff "must identify a municipal policy or custom that caused his injury."  *Id.* (quoting *Grech v. Clayton Cty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003)).  Here, Plaintiff fails to do so.  *See* Doc. No. 1.

As to claims that the City deprived Plaintiff of due process by imposing unlawful fines or failing to conduct proper administrative proceedings, the

- 5 -

conclusory allegations of the complaint fail to state how, *see* Doc. No. 1, as any administrative decision would presumably have been appealable in state court, an adequate post-deprivation procedure. *See* Fla. Stat. § 162.11; Fla. Stat. § 316.0083(5)(f), *as amended* FL LEGIS 2025-6, 2025 Fla. Sess. Law Serv. Ch. 2025-6 (S.B. 42); *Mathis*, 2021 WL 11644468, at *6, *report and recommendation adopted*, 2021 WL 11644473 (M.D. Fla. Aug. 17, 2021) (citing *Club Madonna, Inc. v. City of Miami Beach*, 924 F.3d 1370, 1379 (11th Cir. 2019)*); see also Foskey v. Corp. State of N.Y.*, No. 22-CV-2546(GRB)(ARL), 2022 WL 3228271, at *5 (E.D.N.Y. Aug. 10, 2022) (dismissal for failure to state a claim for violation of due process based on red light violations when the *pro se* plaintiff did not avail himself of the process afforded).

Finally, Plaintiff says that he brings claims for extortion under 18 U.S.C. § 872 and mail fraud under 18 U.S.C. §§ 876, 1341.   Doc. No. 1, at 1, 3, 7–8.   But these criminal statutes do not provide a private right of action.   *See Ajjahnon v. Amerilife of N. Carolina, LLC*, No. 6:22-cv-329-WWB-LHP, 2022 WL 3098988, at *2 (M.D. Fla. Mar. 14, 2022), *report and recommendation adopted*, 2022 WL 3098960 (M.D. Fla. May 10, 2022) (collecting cases for proposition that "[t]o the extent that Plaintiff relies on federal criminal statutes governing mail fraud, 18 U.S.C. §§ 1341–42, these criminal statutes do not provide a private right of action, and thus fail to sustain Plaintiff's complaint"); *Adkins v. Benard*, No. 8:20-cv-2627-SDM-CPT, 2021 WL 11645461, at *5 (M.D. Fla. Nov. 30, 2021), *report and recommendation adopted*, 2021 WL 11645451

(M.D. Fla. Dec. 22, 2021) (citations omitted) (18 U.S.C. § 872 does not provide a private right of action); *see also Acevedo v. Cerame*, 156 F. Supp. 3d 1326, 1329 (D.N.M. 2015) (no private right of action under 18 U.S.C. § 876, noting: "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." (quoting *Diamond v. Charles,* 476 U.S. 54, 64 (1986))).

For these reasons, the undersigned will respectfully recommend that the complaint be dismissed pursuant to § 1915(e)(2)(B)(ii).   Ordinarily, a *pro se* party should be given one opportunity to file an amended complaint.   *See Sifford v. Ford*, 701 F. App'x 794, 796 (11th Cir. 2017) ("Generally, a district court must *sua sponte* provide a *pro se* plaintiff at least one opportunity to amend his complaint, even where the plaintiff did not request leave to amend." (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002))).   It is at least possible that Plaintiff could file an amended complaint stating a claim upon which relief could be granted. Therefore, the undersigned will respectfully recommend that Plaintiff be given one opportunity to file an amended complaint.

Should Plaintiff be permitted leave to amend, Plaintiff is cautioned that in an amended complaint, he must include factual allegations stating a plausible claim for relief, which requires him to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).   Plaintiff must also comply with the federal pleading requirements.   *See* Fed. R. Civ. P. 8(a); Fed. R. Civ. P. 10.

In an amended complaint, Plaintiff must clearly allege the legal basis of the cause of action, whether a constitutional provision, treaty, statute, or common law. Plaintiff must name as Defendants those persons who are responsible for the alleged violations.   He must allege in the body of the amended complaint, under a section entitled "Statement of Facts," how each named Defendant participated in the activity that allegedly violated his rights.   Plaintiff must allege some causal connection between each Defendant named and the injury he allegedly sustained. One generally cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he or she participated in the deprivation of a person's rights or directed such action and/or omission that resulted in such deprivation. Finally, Plaintiff must allege specifically harm or injury by the actions and/or omissions of the Defendant(s).

Because Plaintiff is currently proceeding without a lawyer, the undersigned directs his attention to the Court's website, http://www.flmd.uscourts.gov.   On the Court's homepage, Plaintiff can find basic information and resources for parties who are proceeding without a lawyer in a civil case by clicking on the "For Litigants" tab and then clicking on "Litigants without Lawyers."

## IV.    RECOMMENDATION.

For the reasons discussed herein, it is respectfully **RECOMMENDED** that the Court:

**1.**    **DENY without prejudice** the motion to proceed *in forma pauperis* (Doc. No. 2);

**2.**    **DISMISS** the complaint without prejudice (Doc. No. 1); and

**3.**    **PERMIT** Plaintiff to file an amended complaint, within a time established by the Court, along with a renewed motion to proceed *in forma pauperis*, by completing an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).[2]

## **NOTICE TO PARTIES**

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   11th Cir. R. 3-1.

---

[2] The Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) is available on the Court's website, https://www.flmd.uscourts.gov, by selecting "For Litigants," and "Litigants Without Lawyers," and then selecting "Forms."

Recommended in Orlando, Florida on June 30, 2025.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy